U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

FEB 07 2008

LAWRENCE K. BAERMAN, Clerk
UTICA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**JAMES EDWARD PAYNE,**
**Plaintiff**
**vs.**

6: 08 CV 0143 DNH / DEP

**COMPLAINT**

**Officer Brandon Jones. Ind. and as a member of the City Of Utica Police Department;**
**Officer JOHN DOE #1, Ind. and as a member of the City Of Utica Police Department;**
**C. ALLEN PYLMAN Ind. And as Chief of Police of the City of Utica Police Department;**
**CITY OF UTICA and CITY OF UTICA POLICE DEPARTMENT**
**Defendants .**

## INTRODUCTION

1. This is a civil action for injuries sustained by the Plaintiff, James Edward Payne, by reason of the unconstitutional misconduct of said municipal agents, officers, servants, and employees as hereinafter set forth. Said action is seeking damages against defendants for committing acts under color of law and depriving Plaintiff of rights secured under the constitution and laws of the United States. Defendant Jones, acting in concert with another Utica Police Officer, name to be determined, did violently assault Plaintiff Payne without cause or justification.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1343 (3) and (4) and the aforementioned Constitutional and statutory provisions. Plaintiff invokes the pendent jurisdiction of this court to decide claims arising out of state law.

3. The unconstitutional acts of misconduct alleged below were and are being committed within the Northern District of the State of New York.

**PARTIES**

4. At all times relevant herein, the plaintiff is and was a citizen of the United States and a resident of the City of Oneida, State of New York.

5. At all times hereinafter mentioned the defendant, Brandon Jones and the other officer, name to be determined, were duly appointed law enforcement personnel with the City of Utica Police Department employed by the City of Utica.

6. At all time hereinafter mentioned the City of Utica Police Department is a department operating under the auspices of the City of Utica. At all times relevant herein, the defendant C. Allen Pylman was the duly appointed Chief of Police of the City of Utica and as such and is and was responsible for the training and supervision of City of Utica Police Officers.

7. At all times hereinafter mentioned the Defendant City of Utica was and still is a municipal corporation duly organized and existing under the laws of the State of New York with its principal office at Utica, New York, in the County of Oneida.

8. This claim is against Officer Brandon Jones, the unnamed officer, Utica Chief of Police C. Allen Pylman, the City of Utica and the City of Utica Police Department for injuries sustained by the Plaintiff, James Edward Payne, by reason of the unconstitutional misconduct of said municipal agents, officers, servants, and employees as hereinafter set forth.

**STATEMENT OF FACTS**

1. On or about 10:00 a.m. on September 11, 2007, James Edward Payne, injured himself while doing work around his house. Accompanied by his wife Candace and his son Jeremy, he went to Faxton Hospital for treatment.

2. By the time they arrived at Faxton, Mr. Payne, who suffers from post-traumatic stress disorder and is also under a prescription for medication for a spinal injury, was experiencing an episode wherein he had become agitated and became verbally belligerent toward his wife and son.

3. When Jeremy and Candace attempted to subdue James, all three fell to the ground. A security guard who had observed the three struggling called the Utica Police Department.

4. When the police arrived, Officer Brandon Jones and another officers subdued James and had him restrained on a bench while Candace called James' VA therapist. While James was on the bench, Officer Jones came up behind him, grabbed his head and put his knee to James' back. Candace told Officer Jones to be careful because of James' spinal injury, but Jones told her to stay to the side and that they (the officers) would handle the situation. James was screaming because of the pain to his back and was struggling with officers and telling them they were hurting him. James was transported by ambulance to St. Elizabeth's hospital.

5. When the ambulance arrived, Candace told the ambulance attendant about James' medical conditions. The attendant (name unknown) began arguing with Officer Jones, who had handcuffed James before placing him on a gurney, and who then informed Candace that the driver

was "acting unprofessionally."

6. Jones then told Candace to meet them at St. Elizabeth's and caused James to be transported there by ambulance.

7. When Candace and Jeremy arrived at St. Elizabeth's Hospital, James had been admitted to the psychiatric emergency room, where he was still in handcuffs.

8. While James was in handcuffs on a bed in a room off of the Emergency Room the officers beat him severely, saying "air force guys eat marines for breakfast." They punched the handcuffed and helpless plaintiff several times in the head and face. At one point, having been informed by Candace of James' spinal injury, one of the officers grabbed James' head and another his feet and twisted him, causing excruciating pain to his injured back, while one of them continued to punch him in the back.

9. When Jeremy and later Candace entered the room, James said, "Look what they did to me." By the time Jeremy and Candace were allowed into the room, they saw James with blood on his forehead, around his nose and eyes, and on his chest, as well as on the walls next to him and the blankets on the bed. In addition, he had numerous bruises, contusions and bumps on his face and forehead.

10. Officer Jones and the other officer, name unknown, severely assaulted Plaintiff Payne without provocation or justification punching Payne in the face, head and about the body causing cuts, bruises and swelling as well as severe pain to his already injured back.

11. In subduing Plaintiff the officers employed force which exceeded that which is reasonable and necessary under the circumstances. At the time such force was employed, Plaintiff was already handcuffed in a hospital bed.

12. Plaintiff Payne has a right to be free from unreasonable force when coming in contact with a law enforcement officer. This is especially true since there is no crime with which the plaintiff has been charged, rather the officers were presumably merely subduing Payne pursuant to Mental Hygiene Law §9.41. No officer could reasonably believe that the use of unreasonable force did not violate clearly established constitutional law; accordingly there is no qualified immunity in this case, nor is there immunity for such officers pursuant to Mental Hygiene Law §9.59 when the damage complained was caused by the gross negligence of said officers.

13. Defendant Jones and the other Utica Police Officer acted at all times within the scope of their authority to act as police officers of the City of Utica and did act under the color of law. At all times herein defendant Jones and the other officer should have known that their actions violated clearly established law protecting the constitutional and statutory rights of Plaintiff.

14. As a result of the aforesaid conduct by the City of Utica, the City of Utica Police Department and their officers, agents, servants and employees, claimant suffered severe mental, physical and emotional trauma as well as present and future pain and suffering.

15. The incident aforesaid and the injuries and damages hereinafter set forth were caused by the misconduct of the City of Utica, the City of Utica Police Department and its employees

through their reckless and unjustified conduct without any negligence or misconduct on the part of the Plaintiff, James Edward Payne, contributing thereto.

16. As a result of the violation of Plaintiff's constitutional and civil rights by defendants, Plaintiff suffered severe mental, physical and emotional trauma as well as present and future pain and suffering.

**AS AND FOR A FIRST CAUSE OF ACTION PLAINTIFF ALLEGES AS FOLLOWS:**

17. Plaintiff repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in paragraphs 1 through 16 of this complaint with the same force and effect as if fully set forth herein.

18. Plaintiff, as a citizen of the United States and the State of New York, has the right to be free from unreasonable searches and seizures and to be safe from physical abuse under color of law. By assaulting and battering Plaintiff while he was subdued and handcuffed in a hospital bed, defendant Jones and the other officers violated Plaintiff's rights under the Fourth. Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

19. Defendants' violation of Plaintiff Payne's constitutional rights constitutes a violation of Plaintiff's civil rights pursuant to 42 U.S.C. Section 1983.

20. The incident aforesaid and the injuries and damages hereinafter set forth were caused by the misconduct of the City of Utica, the City of Utica Police Department and its employees

through their reckless and unjustified conduct.

21. By reason of the aforesaid negligent and objectively unreasonable conduct, plaintiff James Edward Payne has sustained damages for emotional pain and suffering, humiliation, embarrassment, physical pain and suffering, necessitating hospital treatment, specifically for abrasions, contusions and hematoma.

22. The injuries and damages were caused by reason of the negligence and misconduct that was clearly unreasonable on the part of defendants without any negligence, fault or want of care on the part of plaintiff James Edward Payne.

23. As a result of the violation of Plaintiff's constitutional and civil rights by defendants, Plaintiff has been damaged in an amount to be proven at trial but in no event less than one million dollars ($1,000,000.00) and pursuant to 42 U.S.C. 1988 is entitled to recover his attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION PLAINTIFF ALLEGES AS FOLLOWS:**

24. Plaintiff repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in paragraphs 1 through 23 of this complaint with the same force and effect as if fully set forth herein.

25. The Defendant C. Allen Pylman as Chief of Police and the City of Utica and the City of Utica Police Department are under a duty to insure that its law enforcement officers are adequately trained and supervised. The municipal Defendants' failure to properly supervise its employees and agents and/or train the police officers under their supervision, specifically but not exclusively in the

legal limits of the use of force, constituted a gross and deliberate indifference to the rights and safety of persons with whom those officers are likely to come into contact.

26. The Defendant C. Allen Pylman. as Chief of Police and the City of Utica and City of Utica Police Department are also responsible for establishing policies and procedures to be utilized by members of the City of Utica Police Department.

27. All actions undertaken by defendant Jones and the other officers were undertaken by them in furtherance of the official municipal policy of the City of Utica.

28. Upon information and belief, the City of Utica has an official policy or a custom which provides for or tolerates commission of unconstitutional acts by its police officers. The City of Utica's failure to act and tacit approval of conduct which violates constitutional rights is proof of a custom or policy which is unconstitutional. Accordingly, the City of Utica may be held liable directly for the consequences of any such unconstitutional acts by its police officers. No steps to reprimand or discharge were taken nor has the City of Utica admitted the unconstitutional conduct described herein was in error. The City of Utica has acted with deliberate indifference since its conduct or policy disregards a known or obvious risk that is very likely to result in a violation of a person's constitutional rights.

29. Plaintiff is informed and believes that said municipal policies and practices include, but are not limited to, policies of utilizing excessive force in a situation such as that which occurred on the date referred to above.

30. Upon information and belief, no disciplinary action was taken against defendant Jones or the other officers as the result of their excessive use of force. The municipal defendant's failure to adequately discipline its officers following an incident wherein excessive force was employed is evidence that the municipality sanctioned such actions as part of an official custom or policy of indifference.

31. The policies, procedures and practices of the defendant C. Allen Pylman. as Chief of Police and the defendants City of Utica and City of Utica Police Department as set forth in this complaint violated the rights of the Plaintiff under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and are therefore violative of 42 U.S.C. 1983.

32. As a result of the aforesaid conduct by the City of Utica, the City of Utica Police Department and their officers, agents, servants and employees, Plaintiff suffered severe mental, physical and emotional trauma as well as present and future pain and suffering, in the amount of one million dollars ($1,000,000.00).

**AS AND FOR A FIRST PENDENT CLAIM PLAINTIFF ALLEGES AS FOLLOWS:**

33. Plaintiff repeats, reiterates, and realleges as part of this cause of action each and every allegation contained in paragraphs 1 through 32 of this complaint with the same force and effect as if fully set forth herein.

34. At the time and place alleged herein, Officer Jones and the other officers were acting as officers of the Police Department of the City of Utica and in furtherance of and within the scope of

their duties for the City of Utica.

35. Plaintiff Payne has a cause of action under New York State Law for battery and assault, in addition to state constitutional claims. Pursuant to New York Penal Law §35.30(1), a police officer is allowed to use physical force "to effect [an] arrest, or to prevent [an] escape from custody, or to defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force." No arrest was ever made and, since Payne was subdued and handcuffed, there was little or no possibility that he would escape or attack the officer. Accordingly, any use of physical force was unlawful.

36. On or about October 18, 2007 and within ninety days after the accrual of the causes of action herein alleged, the plaintiff duly served upon the defendants notice of the claim and presented the claims for adjustment and payment. Over 30 days have passed without the claim having been adjusted.

37. As a result of the aforesaid unlawful acts, plaintiff has suffered serious physical injury and severe mental distress.

38. Plaintiff invokes the pendent jurisdiction of this court to determine these claims.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly and severally as follows:

1. On the first cause of action Plaintiff demands compensatory damages in a sum of one million dollars ($1,000,000.00) and punitive damages in a sum of one million dollars

($1,000,000.00) against the individual defendants.

2. On the second cause of action Plaintiff demands compensatory damages in a sum of one million dollars ($1,000,000.00) and punitive damages in a sum of one million dollars ($1,000,000.00) against the individual defendants.

3. On the first pendant claim Plaintiff demands compensatory damages in a sum of one million dollars ($1,000,000.00) and punitive damages in a sum of one million dollars ($1,000,000.00) against the individual defendants.

Plaintiff demands judgment against the City of Utica in such amount as the court may find reasonable to compensate Plaintiff for all his damages and injuries sustained and suffered as a result of the actions of the defendant City of Utica, its agents, servants and employees.

Plaintiff demands judgment against each of the defendants herein for reasonable attorney's fees and costs and disbursements incurred in a prosecution of this action, together with such other and further relief as to this court may seem just and proper.

**DATED:** January 28, 2008

**Yours, etc.**

**FRANK POLICELLI, ESQ.**
**Attorney for Plaintiff**
**Office & Post Office**
**10 Steuben Park**
**Utica, NY 13501**
**(315) 793-0020**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JAMES EDWARD PAYNE,**
**Plaintiff**

**vs.**

**VERIFICATION**

**Officer Brandon Jones. Ind. and as a member of the City Of Utica Police Department; Officer JOHN DOE #1, Ind. and as a member of the City Of Utica Police Department; C. ALLEN PYLMAN Ind. And as Chief of Police of the City of Utica Police Department; CITY OF UTICA and CITY OF UTICA POLICE DEPARTMENT**
**Defendants .**

---

**STATE OF NEW YORK)**
**COUNTY OF ONEIDA ) ss.:**

On the 4 th day of February, 2008, claimant, to me known and known to me to be the person described herein and who executed the instrument, appeared before me and executed the foregoing Notice of Claim.

DATED: February 4, 2008

James E. Payne
JAMES EDWARD PAYNE

Sworn to before me on this
4th day of Feburary, 2008.

Frank Policelli
Frank Policelli
Notary Public. State of New York
Qualified in Oneida County
02PO4733756
Commission Expires August 31, 2010